**Abatement Order filed September 21, 2012**



In The

# Fourteenth Court of Appeals

_____

NO. 14-12-00648-CV
_____

**PATRICIA ANN POTTS, Appellant**

**V.**

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, ET AL,
Appellees**

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2012-24678**

## ABATEMENT ORDER

This appeal is from an order signed June 18, 2012. Appellant filed an affidavit of indigence with the clerk of this Court. In accordance with Rule 20.1(d)(2), a copy of the affidavit was sent to the trial court clerk and court reporter. *See* Tex. R. App. P. 20.1. They were notified a contest to the affidavit of indigence was due to be filed in this court by September 21, 2012. *See* Tex. R. App. P. 20.1(d)(2).

1

On September 10, 2012, a contest was filed by the district clerk in this court. On September 12, 2012, appellee also filed a contest in this court and requested abatement to the trial court for a determination of indigence and findings pursuant to section 13.003 of the Texas Civil Practice & Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a). (A free record will be provided on appeal only if an affidavit of inability to pay the cost of the appeal is filed under Texas Rule of Appellate Procedure 20, and the trial court finds the appeal is not frivolous and the record is necessary to decide the appeal. *See* Tex. R. App. P. 20; Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a)(2)).

Accordingly, we grant appellee's motion. We ORDER the judge of the 257th District Court to conduct a hearing to determine whether (1) the appeal is frivolous; (2) the record is necessary to decide the appeal; and (3) the contests to appellant's affidavit of indigence should be sustained. *See* Tex. R. App. P. 20.1(h)(4). A partial clerk's record shall be filed in this court on or before **October 30, 2012**, containing the order being appealed, any motion for new trial or other post-judgment motion, the notice of appeal, the trial court's ruling on any contest, and the trial court's written findings as to whether the appeal is frivolous and the record is necessary to decide the appeal. A record of the hearing shall also be due on or before **October 30, 2012.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket after the partial clerk's record and record of the hearing have been filed. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.

PER CURIAM

2